IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEQUINTUS WHITE                                                                               PLAINTIFF

v.                                    Civil No. 4:18-cv-04135

MATT STEVENS, Public Defender,
Miller County; JASON MITCHELL,
Public Defender, Miller County; and
MILLER COUNTY PUBLIC DEFENDERS'
OFFICE                                                                                        DEFENDANTS

## ORDER

Before the Court is Plaintiff Dequintus White's failure to obey an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 3, 2018. (ECF No. 1). However, Plaintiff's application to proceed *in forma pauperis* ("IFP") was incomplete. (ECF No. 2). That same day, the Court entered an order directing Plaintiff to either have the certificate portion of the IFP application completed by the appropriate detention center official and return the application to the Court for review and filing or pay the $350 filing fee and $50 administrative fee, a total of $400, by October 24, 2018. (ECF No. 3). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). To date, the order has not been returned to the Court as undeliverable and Plaintiff has not returned a completed IFP application to the Court or paid the $400 filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Moreover, Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of November 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge